# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-08709-RGK-GJSx | Date | December 04, 2018 |
|---|---|---|---|
| Title | *Shamsi Saadian v. Mercedes Benz USA, LLC* | | |

Present: The Honorable  R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER Remanding Action to State Court

On September 5, 2018, Shamsi Saadian ("Plaintiff") filed a complaint in Los Angeles County Superior Court against Mercedes Benz USA, LLC ("Defendant") alleging violations the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*). Plaintiff's allegations arise from her lease of a vehicle from Defendant.

On October 10, 2018, Defendant removed the action to this Court on diversity jurisdiction grounds. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount-in-controversy that exceeds $75,000. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving that the amount-in-controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount-in-controversy has been met, the removing defendant must supply this jurisdictional fact in the notice of removal by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992). Courts must remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

Plaintiff seeks restitution, civil penalties, and attorneys' fees under the Song-Beverly Consumer Warranty Act. In support of removal, Defendant asserts that the amount-in-controversy exceeds $75,000 because the total payments due under Plaintiff's lease is $44,880 and the purchase option fee at the end of the lease term is $52,616, totaling $97,496.

Defendant, however, fails to demonstrate that the amount-in-controversy exceeds $75,000 by a preponderance of the evidence. While the Song-Beverly Consumer Warranty Act allows a plaintiff to recover the full purchase price of a car, this amount must be reduced to account for any use by plaintiff prior to the first repair of the vehicle. *See Tokmakova v. Volkswagen Group of Am., Inc.*, 12-cv-04666

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08709-RGK-GJSx | Date | December 04, 2018 |
|---|---|---|---|
| Title | *Shamsi Saadian v. Mercedes Benz USA, LLC* | | |

SJO, 2012 U.S. Dist. LEXIS 109164, at *7 (C.D. Cal. Aug. 1, 2012). Further, a plaintiff's recovery is limited to the actual payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002).

Here, Defendant offers documentation of the sales contract, showing the purchase price, the down payment, and the interest to be accrued. Defendant, however, does not indicate how many payments Plaintiff made or how many miles she drove. Without this, the Court is left with considerable doubt as to the amount-in-controversy. *See Tokmakova*, 2012 U.S. Dist. LEXIS 109164, at * 8.

In addition, Defendant supports its Notice of Removal with Plaintiff's request for civil penalties and attorneys' fees and costs. These damages and costs, however, are speculative. District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount-in-controversy, and some courts have declined to do so. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co. of Reading*, 12-cv-0131 AWI, 2012 U.S. Dist. LEXIS 80651, at *13–17 (E.D. Ca. June 8, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel, and may be avoided or accrue over years depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, C14-214 RAJ, 2014 U.S. Dist. LEXIS 80509, at *10 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion in the amount-in-controversy.

As to civil penalties, while authorized under the Song-Beverly Consumer Warranty Act, Defendant has not offered any evidence to support such an award.

Accordingly, the Court is not satisfied that Defendant has satisfied its burden of showing by a preponderance of the evidence that the amount-in-controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____